PEOPLE v. WHITE

EVIDENCE—CROSS-EXAMINATION—IMPEACHMENT—PRIOR OFFENSES—
JUVENILE RECORD.

Contention that permitting the prosecutor to cross-examine the
defendant concerning a previous offense was error because
evidence of a prior arrest which did not result in a convic-
tion cannot be used for impeachment purposes and because the
offense was part of the defendant's juvenile record was without
merit where police records indicate that the defendant pled
guilty of the offense and that he was almost 18 years of age
at the time of the offense and was charged as an adult (MCLA
§ 712A.23).

Appeal from Wayne, Theodore Bohn, J. Sub-
mitted Division 1 December 14, 1970, at Detroit.
(Docket No. 5669.)   Decided January 25, 1971.

Albert White was convicted of sale and possession
of marijuana.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Patricia Pernick
Boyle,* Assistant Prosecuting Attorney, for the
people.

REFERENCES FOR POINTS IN HEADNOTE
58 Am Jur, Witnesses § 736.
Right to cross-examine accused as to previous prosecution for
conviction of crime as affecting his credibility.   103 ALR 350.

*Arthur J. Tarnow,* State Appellate Defender, for defendant on appeal.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and JEANNETTE,* JJ.

PER CURIAM. Defendant, Albert White, was charged in a two-count information with possession[1] and sale[2] of marijuana. He was found guilty by a jury on both counts.

Defendant raises two issues, both of which are based on the following portion of the prosecutor's cross-examination of the defendant:

*"By Mr. Hayes:*

*"Q.* Mr. White, were you ever arrested and convicted of larceny from a building?

*"A.* Once.

*"Q.* In Wayne, Michigan?

*"A.* Yes.

*"Q.* In 1963?

*"A.* I can't recall 1963, but it was when I was 16.

*"Q.* I see.

*"Mr. Kratchman (counsel for defendant):* Your Honor, I will object to anything other than—anything that is not an adult felony, and not including juvenile proceedings of any kind.

*"Mr. Hayes:* I have no record of it being a juvenile proceedings, your Honor."

Subsequently, when defendant was asked by defense counsel whether the larceny charge resulted in a conviction, he replied that he had heard nothing about the case since the time of the arrest.

Defendant claims that it was error to allow in any testimony concerning the larceny, because: (1) evidence of a prior arrest which did not result in a

---

* Circuit judge, sitting on the Court of Appeals by assignment.
1 MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123).
2 MCLA § 335.152 (Stat Ann 1957 Rev § 18.1122).

conviction cannot be used for impeachment purposes and (2) in any event, the larceny charge was part of defendant's juvenile record and protected from disclosure under MCLA § 712A.23 (Stat Ann 1962 Rev § 27.3178 [598.23]). These contentions are without merit in view of defendant's police record which indicates: (1) the arrest for larceny did, in fact, result in a conviction (plea of guilty), albeit sentence was still being held in abeyance at the time of this trial and (2) defendant was almost 18 years old at the time and was charged as an adult.

Affirmed.